UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGITTE STELZER,<br><br>         Plaintiff,<br><br> - against -<br><br>BARSTOOL SPORTS, INC.<br><br>         Defendant. | Docket No. 18-cv-11693<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Brigitte Stelzer ("Stelzer" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Barstool Sports, Inc., ("Barstool" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a raccoon, owned and registered by Stelzer, a New York-based professional photographer. Accordingly, Stelzer seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Stelzer is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 22-39 74th Street, East Elmhurst, NY 11370.

6. Upon information and belief, Barstool is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 15 West 27th Street, New York, NY 10001.

7. At all times material, hereto, Barstool has owned and operated a website at the URL: www.barstoolsports.com (the "Website").

8. Defendant is a for-profit entity.

9. Defendant publishes news content on the Website.

10. Defendant has been sued for copyright infringement in this District eleven times over the last three years.

11. Prior to Defendant's unauthorized publication of the Photograph in this action, Defendant has been sued for copyright infringement eight times in this District.

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

12. Stelzer photographed a raccoon in a natural environment (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

13. Stelzer then licensed the Photograph to the New York Post.

14. On July 21, 2018, the New York Post ran an article that featured the Photograph entitled *"Dozens of raccoons die from viral 'zombie' outbreak in Central Park."* See URL https://nypost.com/2018/07/21/dozens-of-raccoons-die-from-viral-zombie-outbreak-in-central-park/. Brigitte's name was featured in a gutter credit identifying her as the photographer of the Photograph. A true and correct copy of the New York Post article is attached hereto as <u>Exhibit B</u>.

15. The New York Post included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Stelzer as the author of the Photograph.

16. Stelzer is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

17. The Photograph was registered with the United States Copyright Office and was given registration no. VA 2-120-549, with effective date of September 25, 2018 (the "549 Registration"). Attached as <u>Exhibit C</u> is a true and correct copy of the 549 Registration.

18. The content title of the Photograph, as listed on the face of the 549 Registration, is "7.21.18 Raccoon.Stelzer.jpg." *See* <u>Exhibit C</u>.

**B.  Defendant's Infringing Activities**

19. On or about July 23, 2018, Barstool ran an article on the Website entitled *"Bring On The Raccoon Zombie Apocalypse."* *See* URL https://www.barstoolsports.com/barstoolu/bring-on-the-raccoon-zombie-apocalypse/ (the "Article")

20. The Article prominently features the Photograph. A true and correct copy of the Article is attached hereto as <u>Exhibit D</u>.

21. Barstool did not license the Photograph from Plaintiff for its Article.

22. Barstool did not have Plaintiff's permission to publish the Photograph on its Website.

23. Prior to publishing the Photograph on the Website, Defendant did not communicate with Plaintiff.

24. Before filing this lawsuit, there was no communication between Plaintiff and Defendant.

25. Upon information and belief, Defendant removed Stelzer's authorship credit when it distributed the Article on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

26. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-25 above.

27. Barstool infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

28. Barstool is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

29. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, i.e., in reckless disregard of Plaintiff's rights.

31. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

32. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

33. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

34. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-33 above.

35. A gutter credit constitutes copyright management information for purposes of 17 U.S.C. § 1202(b).

36. Upon information and belief, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "Brigitte Stelzer" and distribute it on the Website without the gutter credit.

37. Upon information and belief, Barstool knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph or, in the alternative, distributed the Article having reasonable grounds to know that Plaintiff's copyright management information had been removed.

38. Upon information and belief, Barstool's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

39. Upon information and belief, the alteration and/or removal of said copyright management information was made by Barstool knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. In the alternative, Barstool had reasonable grounds to know that alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

40. The conduct of Barstool described herein violates 17 U.S.C. § 1202(b).

41. As a result of the wrongful conduct of Barstool as alleged herein, Plaintiff is entitled to recover from Barstool the damages sustained, and will be sustained, and any gains, profits and advantages obtained by Barstool because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

42. Alternatively, Plaintiff may elect to recover from Barstool statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Barstool be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Barstool be ordered to remove the Photograph from the Website;

3. That Defendant Barstool be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b).

4. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement

of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504(c);

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of removal and/or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 13, 2018

LIEBOWITZ LAW FIRM, PLLC
By: /s/jameshfreeman

James H. Freeman, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
jf@LiebowitzLawFirm.com

*Attorneys for Plaintiff*