UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGITTE STELZER,<br><br>         Plaintiff,<br><br> - against -<br><br>BARSTOOL SPORTS, INC.<br><br>         Defendant. | Case No. 1:18-cv-11693-GBD |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## BARSTOOL SPORTS, INC.

Defendant Barstool Sports, Inc. ("Defendant"), by and through its counsel Katten Muchin Rosenman LLP, answers the Complaint filed by plaintiff Brigitte Stelzer ("Plaintiff") as follows:

### NATURE OF THE ACTION

1. Defendant admits that Plaintiff seeks to recover for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. Defendant further admits that Plaintiff seeks monetary relief under the Copyright Act in this action. Except as admitted, the allegations of Paragraph 1 are denied.

### JURISDICTION AND VENUE

2. Defendant admits that, upon information and belief, this Court has subject matter jurisdiction of this action. Except as admitted, the allegations of Paragraph 2 are denied.

3. Defendant admits that it resides in New York State, that it conducts business in New York State and that, upon information and belief, this Court has general personal jurisdiction over Defendant. Except as admitted, the allegations of Paragraph 3 are denied.

4. Defendant admits that, upon information and belief, venue is proper in this district. Except as admitted, the allegations of Paragraph 4 are denied.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and thus denies the same.

6. Defendant admits that it is a corporation incorporated in the State of Delaware, with a place of business at 15 West 27th Street, New York, New York 10001. Except as admitted, the allegations of Paragraph 6 are denied.

7. Defendant further admits that, at all times material to the allegations in the Complaint, it owned and operated the Website. Except as admitted, the allegations of Paragraph 7 are denied.

8. Defendant admits that it is a business. As the term "for-profit entity" is not defined, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 and thus denies the same.

9. Defendant admits that it is a sports and pop culture blog that provides a humorous and/or satirical opinion on recent news related to sports, entertainment and pop culture. Except as admitted, the allegations of Paragraph 9 are denied.

10. Defendant admits that, including the present lawsuit, it has been sued by Plaintiff's law firm for copyright infringement in this District eleven times from January 1, 2016 to December 31, 2018. In none of those cases has Defendant received any rulings, judgments and/or verdicts against it for copyright infringement. Except as admitted, the allegations of Paragraph 10 are denied.

11. Defendant admits it has been sued by Plaintiff's law firm for copyright infringement in this District eight times before July 21, 2018. In none of those cases has

Defendant received any rulings, judgments and/or verdicts against it for copyright infringement. Except as admitted, the allegations of Paragraph 11 are denied.

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photographs**

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and thus denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and thus denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and thus denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and thus denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and thus denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and thus denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and thus denies the same.

B. **Defendant's Allegedly Infringing Activities**

19. Defendant admits that, on or about July 23, 2018, Defendant exhibited a blog post on the Website entitled *Bring On The Raccoon Zombie Apocalypse*. Defendant denies the remaining allegations set forth in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the article attached to the Complaint as Exhibit D is a true and correct copy of

the blog post on the Website, and thus denies the same. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and thus denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and thus denies the same.

25. Defendant denies the allegations set forth in Paragraph 25.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

26. Defendant's answers to Paragraphs 1 through 25 are realleged and incorporated by reference herein.

27. Defendant denies the allegations set forth in Paragraph 27.

28. Defendant denies the allegations set forth in Paragraph 28.

29. Defendant denies the allegations set forth in Paragraph 29.

30. Defendant denies the allegations set forth in Paragraph 30.

31. Defendant denies the allegations set forth in Paragraph 31.

32. Defendant denies the allegations set forth in Paragraph 32.

33. Defendant denies the allegations set forth in Paragraph 33.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT)**
**(17 U.S.C. § 1202)**

34. Defendant's answers to Paragraphs 1 through 33 are realleged and incorporated by reference herein.

35. The allegation set forth in Paragraph 35 is Plaintiff's legal position and does not call for an "admit" or "deny" response by Defendant.

36. Defendant denies the allegations set forth in Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37.

38. Defendant denies the allegations set forth in Paragraph 38.

39. Defendant denies the allegations set forth in Paragraph 39.

40. Defendant denies the allegations set forth in Paragraph 40.

41. Defendant denies the allegations set forth in Paragraph 41.

42. Defendant denies the allegations set forth in Paragraph 42.

## AFFIRMATIVE DEFENSES

Defendant's investigation of the facts alleged in the Complaint is ongoing, and accordingly, Defendant reserves the right to amend its Answer and assert additional affirmative and other defenses that may be revealed during the course of discovery or other investigation. In asserting the following defenses, Defendant does not intend to suggest that matters designated herein as "defenses" are not elements of the Plaintiff's *prima facie* case on any of the Plaintiff's purported claims or that they are not matters as to which the Plaintiff bears the burden of proof. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Defendant states the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

43.     The claims asserted in the Complaint against Defendant fail to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Fair Use)

44.     Pursuant to 17 U.S.C. § 107, Plaintiff's recovery is barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE

## (First Amendment)

45.     Plaintiff is barred from obtaining the relief Plaintiff seeks by the First Amendment to the Constitution of the United States of America.

## FOURTH AFFIRMATIVE DEFENSE

## (Invalid Copyright)

46.     Plaintiff's claims are barred, in whole or in part, because the alleged copyright registration at issue is invalid.

## FIFTH AFFIRMATIVE DEFENSE

## (Lack of Registration)

47.     Plaintiff's claims are barred, in whole or in part, because the allegedly copyrighted work at issue is not registered with the United States Copyright Office.

## SIXTH AFFIRMATIVE DEFENSE

## (No Statutory Damages)

48.     Plaintiff is precluded from recovering statutory damages or attorney's fees for copyright infringement by virtue of 17 U.S.C. § 412.

## SEVENTH AFFIRMATIVE DEFENSE

137974122

### (Lack of Injury)

49. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been damaged in any amount or injured in any manner or at all by reason of any act alleged against the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

50. Plaintiff's claims fail, in whole or in part, because any wrongful act was proximately caused by the acts or omissions of persons other than Defendant and therefore, Defendant is not liable for the allegations of wrongdoing made herein.

### NINTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

51. Plaintiff's claims fail, in whole or in part, on the grounds of laches, estoppel, quasi-estoppel, ratification, acquiescence, waiver and/or other related equitable doctrines.

### TENTH AFFIRMATIVE DEFENSE

### (Apportionment)

52. Any purported damages sought by Plaintiff in the form of Defendant's profits must be apportioned based on the percentage of profits attributable to the alleged infringing conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

53. Plaintiff's recovery is limited or barred due to Plaintiff's failure to mitigate Plaintiff's damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

54. Plaintiff's claims fail, in whole or in part, on the grounds of inequitable conduct and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

55. To the extent Plaintiff seeks statutory damages that exceed any actual damages to Plaintiff, it violates Defendant's rights under the United States Constitution because an award of such damages would constitute an excessive fine and violate Defendant's right to procedural and substantive due process.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

56. To the extent that Plaintiff seeks statutory damages, it violates Defendant's rights under the United States Constitution because of the vagueness and uncertainty of the criteria for the imposition of statutory damages and the lack of fair notice as to what conduct will result in the imposition of such damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in Defendant's favor as follows:

1. Denying any and all relief sought by Plaintiff in the Complaint;
2. The Complaint, and each claim asserted therein, be dismissed with prejudice;
3. Awarding Defendant its costs of suit and reasonable attorneys' fees incurred herein; and

137974122

4. Granting Defendant all other relief that the Court deems just and proper.

| | |
|---|---|
| Dated: March 4, 2019<br>New York, New York | KATTEN MUCHIN ROSENMAN LLP<br><br>By: _____/s/_____<br>Joshua A. Druckerman<br>575 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 940-8800<br>Facsimile:  (212) 940-8776<br>joshua.druckerman@kattenlaw.com<br><br>*Attorneys for Defendant* |